This is an action commenced October 10, 1942, by the Gas By-Product Coke Workers Local Union No. 12018 affiliated with District 50, United Mine Workers of America, a labor organization, to review an order of the Wisconsin Employment Relations Board. In this action the board filed a cross petition for enforcement of the order. Proceedings before the board were initiated by one Frank A. Butcher charging the Milwaukee Gas Light Company with unfair labor practices. The Gas By-Product Coke Workers Local Union No. 12018 intervened, since the principal issue was the validity of an employment agreement between the employer and the union. The board found the employer guilty of an unfair labor practice in encouraging membership in the union by discrimination in respect of hiring and tenure of employment. The employer *Page 259 
was ordered to desist, to post notices that it would do so, to offer reinstatement to complainant, and to notify the board of its compliance. The employer notified Butcher of his reinstatement and posted the notices, but the union petitioned the circuit court for review, and the employer rescinded these steps pending proceedings in circuit court. Upon its own motion the trial court remanded the record to the board to take certain evidence which it considered to affect the equities of the situation as between complainant and the union, and also to have a bearing upon the question whether the agreement between the union and the employer constituted an all-union contract. Upon remand the board scheduled a further hearing at which complainant moved to dismiss the proceedings. The employer and the union acquiesced in this motion. The board denied the motion and offered to hear any further evidence that the parties desired to offer. No further testimony was offered.
The board amended its findings and order so as to delete those portions relating to the discharge of complainant. It found, however, that the employer's observance of the contract with the union was an unfair labor practice. The order was correspondingly modified to require only that the employer desist from encouraging membership in the union by discrimination and hire and tenure of employees, and from observance of the provision of its contract which would accord preference in that respect to members of the union. The amended findings and order were referred back to the trial court with a record of the additional proceedings. Certain facts were stipulated in court by all parties as to the scope of the agreement between the company and the union. This stipulation is to the effect that the employer entered into and was observing a contract by which it required new employees to join the union and required old employees who had belonged to the union at the time of the execution of the contract to continue their membership. Otherwise there was a default by *Page 260 
complainant, employer, and union, all insisting that there was no longer any controversy and that the proceedings should be dismissed.
The trial court held that the board was not a party in interest, and that the parties to this controversy, namely, the complainant, employer, and union, having composed their differences and agreed to dismiss, there was no justiciable controversy between persons with adverse interests. The court further held that there was no public right separable and distinct from the private right represented by the complaint of Butcher; that Butcher, having failed to contest the issues, or to carry the burden and not establishing a discrimination, there should be a dismissal.
From a judgment of dismissal entered on June 2, 1943, the Wisconsin Employment Relations Board appeals.
On October 15, 1943, the respondent, Gas By-Product Coke Workers Local Union No. 12018, moved the court to be dismissed as a party and this motion was granted on the same date. Respondent, Milwaukee Gas Light Company, has made no appearance upon this appeal and filed no brief. Under Rule 32 these defaults result in reversal of the judgment as a matter of course, with direction to enter judgment upon the cross complaint of the Wisconsin Employment Relations Board.
By the Court. — Judgment reversed, and cause remanded with directions to enter judgment in accordance with the demands of the cross complaint of the Wisconsin Employment Relations Board. *Page 261